UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS P. SEYMOUR,
         Plaintiff,

and

KARLA K. SHERMAN,
         Intervenor-Plaintiff,

v.                                         CA No. 09-526-ML

CONTINENTAL AIRLINES, INC.,
         Defendant.

MEMORANDUM AND ORDER

This matter is before the Court on Thomas P. Seymour's ("Seymour") and Karla K. Sherman's ("Sherman") objections to a Report and Recommendation issued by United States Magistrate Judge Lincoln D. Almond. Magistrate Judge Almond recommends that Continental Airline Inc.'s ("Defendant") motion for judgment on the pleadings be granted.

I. Standard of Review

The Court must conduct a plenary review of a Report and Recommendation addressing dispositive pretrial matters to which specific written objections have been made. See Fed. R. Civ. P. 72(b). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. at (3) In reviewing objections, this Court need not "consider frivolous, conclusive, or general objections." Espada-Santiago v. Hospital Episcopal San Lucas, Civil No. 07-2221 (ADC), 2009 WL 702350 at *1 (D.P.R. March 11, 2009) (internal quotation marks and citation omitted). "Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with

1

Rule 72(b)." Velez-Padro v. Thermo King De Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006). To the extent that objections "amount to no more than general or conclusory objections" or where the objections are repetitive of the arguments made to the Magistrate Judge, a de-novo review is unwarranted and this Court need only review the Report and Recommendation for clear error. Espada-Santiago, 2009 WL 702350 at *1.

## II. Analysis
### A. Seymour's Claims
#### 1. Air Carrier Access Act

Seymour first objects to the Magistrate Judge's recommendation that his claim made under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 et seq., be dismissed because the ACAA does not provide for a private right of action. Seymour attempts to distinguish his claim from two decisions upon which the Magistrate Judge relied. See Love v. Delta Air Lines, 310 F.3d 1347, 1359 (11th Cir. 2002) ("Congress did not intend to create a private right of action in a federal district court to vindicate the ACAA's prohibition against disability-based discrimination on the part of air carriers"); Boswell v. Skywest Airlines, Inc., 361 F.3d 1263, 1270 (10th Cir. 2004) (Congress did not intend to allow for a private right of action under the ACAA). The Magistrate Judge appropriately addressed the impact of Alexander v. Sandoval, 532 U.S. 275 (2001), on private right of action claims. Both Love and Boswell reviewed the statutory language of the ACAA pursuant to the dictates of Sandoval and found that Congress did not intend to create a private right of action in the ACAA. Love, 310 F.3d at 1352-1358; Boswell, 361 F.3d at 1267-1270.

Ignoring Sandoval, Boswell, and Love, Seymour relies on Newman v. American Airlines, Inc., 176 F.3d 1128 (9th Cir. 1999). Seymour argues that in Newman, the Ninth Circuit held that

2

an airline's refusal to transport an individual with disabilities "may constitute exactly the type of discrimination prohibited by the ACAA." Id. at 1131. While the Newman court ruled on the merits of a private cause of action brought under the ACAA it did not specifically address the question of whether the cause of action exists. Id.

Sandoval, however, "changed the legal landscape" in analyzing private right of action cases. Bonano v. East Caribbean Airline Corporation, 365 F.3d 81, 86 n.4 (1st Cir. 2004). As the Magistrate Judge noted, Sandoval set forth a "more restrictive analysis" in the context of implied rights of action cases. Gabelli Global Multimedia Trust Inc. v. Western Investment LLC, 700 F. Supp. 2d 748, 750 (D. Md. 2010). Sandoval held that Congressional intent is the "potential trump card" in determining whether a statutory scheme includes a private right of action. San Juan Cable LLC v. Puerto Rico Telephone Co., Inc., 612 F.3d 25, 32 (1st Cir. 2010).

Although the First Circuit has not specifically addressed whether the ACAA includes a private right of action, the First Circuit has described a pre-Sandoval decision in a private right of action case under the Federal Aviation Act as "lacking continued vitality." Bonano, 365 F.3d at 86 n.4. Furthermore, Bonano cited Love and noted that the "Sandoval decision had rendered unpersuasive the reasoning employed in previous cases in which private rights had been implied[.]" Bonano, 365 F.3d at 86 n.4. Newman is just that type of case – it was decided approximately two years before Sandoval and accordingly lacks persuasive value. See generally id.; see also Kerner v. Mendez, No. C-08-04528 EDL, 2009 WL 1226998 at *3 (N.D. Cal. May 1, 2009) (ACAA does not provide for a private right of action, following Sandoval, Love, and Boswell while rejecting Newman).

This Court finds the Love and Boswell holdings persuasive and consistent with the First

3

Circuit's reading of the import of Sandoval. Read together, Love and Boswell convincingly determine Congressional intent concerning a private right of action in the ACAA. See generally San Juan Cable LLC, 612 F.3d at 32. The Court agrees with the Magistrate Judge's recommendation that the ACAA claim must be dismissed. "In sum, though the ACAA recognizes a right to be free from discrimination on the basis of disability, it protects that right through means other than private enforcement actions in district court." Lopez v. JetBlue Airways, No. 10-CV-1552, 2010 WL 3311428 at *3 (E.D.N.Y. August 19, 2010).

## 2. Title III of the American With Disabilities Act

Seymour next takes issue with the Magistrate Judge's recommendation of dismissal of his claim under Title III of the American with Disabilities Act ("ADA"), specifically 42 U.S.C. §§ 12181-12188. The Magistrate Judge found that the pertinent provisions of Title III specifically exclude "aircraft" from the list of transportation systems covered by the statute. See generally 42 U.S.C. §§ 12181(4) and (10). The Magistrate Judge's report properly acknowledged that there has been some ambiguity concerning the line between what happens in an airport terminal and what happens on an aircraft. However, as the Magistrate Judge found, Seymour's ADA claim alleges that Defendant discriminated against him by "imposing a discriminatory 'late check-in' policy and/or failing to make reasonable modifications to that policy . . . ." Second Amended Complaint at ¶ 6. Seymour's claim is directed at the Defendant's late check-in boarding policies and procedures. Therefore, it comes within the purview of the aircraft exclusion.

## 3. California State Law Claims

Seymour next objects to the Magistrate Judge's recommendation that his claims under the California Unruh Civil Rights Act and the California Disabled Persons Act be dismissed because

they are preempted by the Airline Deregulation Act ("Deregulation Act"). Seymour first argues that Congress did not intend for the Deregulation Act to preempt California Unruh Civil Rights and Disabled Persons Act claims. This argument ignores Congress' decision to include an express federal preemption provision in the Deregulation Act. No state "may . . . enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier. . . ." 49 U.S.C. § 41713(b)(1). Seymour fails to cite any applicable authority in support of his conclusory argument. Instead, Seymour cites several cases that address whether the ADA or the Rehabilitation Act preempt state law claims. Seymour's argument is unavailing.

Seymour next takes issue with the Magistrate Judge's application of First Circuit law to the Unruh Civil Rights and Disabled Persons Act claims. Seymour argues that the Magistrate Judge should have applied Ninth Circuit and/or California supreme court precedent interpreting California state law in determining whether the Deregulation Act preempted his state law claims. The Deregulation Act is federal law and the Magistrate Judge correctly applied United States Supreme Court and First Circuit precedent. "When deciding a matter of federal question, a district court is bound by the decisions of the Circuit Court of Appeals of the circuit in which it sits, as well as by the Supreme Court." Flanagan v. Allstate Insurance Co., 242 F.R.D. 421, 431 modified on other grounds, 242 F.R.D. 434 (N.D. Ill. 2007)

The Magistrate Judge acknowledged a disagreement among the Circuits concerning the extent of the definition of the term "services" under the Deregulation Act. The Ninth and the Third Circuits employ a restrictive definition of the term. See Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1261 (9th Cir. 1998) (en banc) (Congress meant "service" to refer to prices,

5

schedules, origins, and destinations of the point-to-point transportation of passengers, cargo, or mail; service was not intended to include an "airline's provision of inflight beverages, personal assistance to passengers, the handling of luggage, and similar amenities"); Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 194 (3d Cir. 1998) ("Charas offers a more promising solution"). However, the majority of Circuits have held that the term "services" includes an airline's boarding policies and procedures. See Chukwu v. Board of Directors British Airways, 889 F. Supp. 12, 14 (D. Mass. 1995) (the process of boarding a flight is "uniquely within the service provided and controlled by air carriers") aff'd mem, 101 F.3d 106 (1st Cir. 1996); Hodges v. Delta Airlines, Inc., 44 F.3d 334, 336 (5th Cir. 1995) (en banc) (service includes "ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself"); Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1433 (7th Cir. 1996) (adopting Hodges); Smith v. Comair, Inc., 134 F.3d 254, 259 (4th Cir. 1998) ("[u]ndoubtedly, boarding procedures are a service rendered by an airline"); Koutsouradis v. Delta Air Lines, Inc., 427 F.3d 1339 (11th Cir. 2005) (adopting Hodges); see also Air Transport Association of America, Inc. v. Cuomo, 520 F.3d 218, 223 (2d Cir. 2008) (rejecting Charas' conclusion that service refers only to the provision of air transportation to and from various markets while noting that the majority of Circuits to have construed the term "service" have held that the term includes boarding procedures). The boarding policies and procedures of which Seymour complains are "services" pursuant to the Deregulation Act. The Magistrate Judge properly interpreted and applied the reach of the Deregulation Act; the Unruh Civil Rights and Disabled Person Act claims are preempted and must be dismissed.

Seymour also objects to the Magistrate Judge's conclusion that his intentional infliction

of emotional distress claim and his breach of a duty of care by a common carrier claim are preempted by the Deregulation Act. Seymour argues that his claims are based on the "'reckless disregard' by the Continental supervisor in not providing an emergency hotel voucher" or other "necessities." Seymour's Memorandum of Law Objecting to Magistrate Judge's Report and Recommendation at 9, 10. Seymour agues that even under an expansive reading of "federal preemption law" he was not "then enjoying any airline services." Id. at 9. Seymour now attempts to recast the basis of his claims to avoid preemption. What Seymour ignores, however, is the factual predicate of his claims. Seymour is challenging Defendant's late check-in policy and procedures. Seymour's intentional infliction of emotional distress and breach of duty of care by a common carrier claims are based upon the events related to his boarding – a "service" under the Deregulation Act. See generally Comair, 134 F.3d at 259 (to the extent plaintiff's intentional infliction of emotional distress claim is "premised on" defendant's "refusal to permit him to board his flight," it is preempted).

Last, Seymour objects to the Magistrate Judge's recommendation that this Court should decline to exercise supplemental jurisdiction over Seymour's California state law breach of contract and breach of the covenant of good faith and fair dealing claims. This Court has reviewed the Magistrate Judge's recommendation on this issue; in light of the disposition of the federal claims, this Court declines to exercise jurisdiction over these purely state law based claims.

To the extent that Seymour has raised other arguments that are not specifically addressed in this memorandum and order, the Court has reviewed all such arguments contained in Seymour's submissions and has determined that they are without merit.

### B. Sherman's Claims

On March 1, 2010, this Court granted Sherman's unopposed motion to intervene. The motion for judgment on the pleadings was also directed to Sherman's claims and the Magistrate Judge made recommendations regarding those claims in the Report and Recommendation which was issued on June 11, 2010. The Report and Recommendation expressly warned that any

> objection to [the] Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. <u>Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision</u>.

Docket # 21; Report and Recommendation at 19 (emphasis added). Sherman was served with the Report and Recommendation on June 11, 2010. Sherman filed her objection to the Report and Recommendation with the Court on July 6, 2010, eight days late. Defendant argues that because Sherman filed an untimely objection, her objections are waived. This Court agrees. However, even if Sherman had not waived her right to review by this Court, her claims would fail for the reasons set forth herein and in the Report and Recommendation which this Court adopts in its entirety.

### III. Conclusion

For the reasons set forth above, this Court adopts the Report and Recommendation. Defendant's motion for judgement on the pleadings is granted.

SO ORDERED.

_/s/ Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
October 4, 2010.